F I L E D
**United States Court of Appeals**
**Tenth Circuit**

**July 18, 2005**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

HARRY DAVID WILLIAMS,

Defendant-Appellant.

No. 04-6121
(D.C. No. CV-03-1339-T)
(W.D. Okla.)

**ORDER AND JUDGMENT** *

Before **EBEL**, **McCONNELL**, and **TYMKOVICH**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

---

\* This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Harry David Williams, a federal prisoner appearing pro se, appeals the district court's denial of his motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. This court granted a certificate of appealability (COA) as to three of the issues raised in his § 2255 motion. Exercising jurisdiction pursuant to 28 U.S.C. §§ 1291 and 2253(a), we affirm

Background

In November 2000, a jury convicted Williams of conspiracy to manufacture, to possess with intent to distribute, and distribution of, methamphetamine, in violation of 21 U.S.C. § 841(a)(1), and maintaining a place for the purpose of manufacturing, distributing, and using methamphetamine, in violation of 21 U.S.C. § 856(a)(1). Williams was sentenced to concurrent terms of 360 and 240 months. This court affirmed his convictions on direct appeal in 2002. *United States v. Williams*, 42 Fed. Appx. 379 (10th Cir. July 15, 2002). The facts of the case are set out in that prior order and judgment and need not be repeated here.

We granted COA on three issues: (1) whether Williams' due process rights were violated when his trial counsel denied him the right to testify on his own behalf; (2) whether Williams received constitutionally ineffective assistance of counsel when his trial counsel (a) denied him his right to testify, and (b) failed to object to testimony regarding the guilty plea of a non-testifying co-defendant. "In reviewing the denial of a § 2255 motion, we review the district court's legal

rulings de novo and its findings of fact for clear error." *United States v.*

*Cockerham*, 237 F.3d 1179, 1181 (10th Cir. 2001).

Due Process Right to Testify

Williams contends that his due process rights were violated when his trial

counsel denied him his right to testify. He claims he repeatedly told his attorney

he wanted to testify, but counsel rested his case without ever putting him on the

stand. The district court refused to reach the merits of this claim, finding that

Williams never raised this issue on direct appeal, and had not made any showing

of cause for this failure or prejudice arising therefrom. [1] *See United States v.*

*Frady*, 456 U.S. 152, 167-68 (1982) (holding that claims not asserted on direct

appeal may not be raised in § 2255 motion absent showing of cause for, and

actual prejudice resulting from, failure to raise them); *United States v. Allen*, 16

F.3d 377, 378 (10th Cir. 1994) (holding that § 2255 "is not available to test the

legality of matters which should have been raised on appeal" (quotation omitted)).

Further, the district court determined that Williams failed to demonstrate that

"failure to consider the federal claims will result in a fundamental miscarriage of

justice." *Coleman v. Thompson*, 501 U.S. 722, 750 (1991) (quotation omitted).

---

[1] Notably, trial counsel did not represent Williams on appeal, and Williams does not contend that his appellate counsel was constitutionally ineffective for failing to assert this claim on appeal.

On appeal, Williams points out that he did assert in his § 2255 petition that he was prevented from raising this claim on direct appeal because all of the events giving rise to his right-to-testify claim involved events outside the record. His explanation is inadequate to establish cause for not raising his due process right-to-testify claim on direct appeal, however, because the record on appeal was sufficient for him to have raised this claim.

The right to testify on one's own behalf at a criminal trial is essential to due process of law. *Rock v. Arkansas*, 483 U.S. 44, 51 (1987). "The decision whether to testify lies squarely with the defendant; it is not counsel's decision." *Cannon v. Mullin*, 383 F.3d 1152, 1171 (10th Cir. 2004), *cert. denied*, 125 S. Ct. 1664 (2005). A trial court has no duty to explain to the defendant, however, that he has a right to testify or to verify that a defendant who is not testifying has waived the right. *See United States v. Ortiz*, 82 F.3d 1066, 1069-70 & 1069 n.8 (D.C. Cir. 1996) (collecting cases); *cf. United States v. Janoe*, 720 F.2d 1156, 1161 (10th Cir. 1983). To ensure his constitutional rights, "a defendant must alert the trial court that he desires to testify or that there is a disagreement with defense counsel regarding whether he should take the stand." *United States v. Webber*, 208 F.3d 545, 550 (6th Cir. 2000) (quotation omitted); *Janoe*, 720 F.2d at 1161 n.9 (holding that right to testify not denied where, *inter alia*, "defendant made no objection to his attorney's statements that defendant would not testify

-4-

and made no request to testify"). "When a defendant does not alert the trial court of a disagreement [with his counsel regarding his right to testify], waiver of the right to testify may be inferred from the defendant's conduct." *Webber*, 208 F.3d at 550.

Here, the record on appeal demonstrates the extent to which Williams notified the trial court that he disagreed with his defense counsel's decision not to put him on the stand and wished to testify, and demonstrates the trial court's resolution of that issue. Williams did inform the court at sentencing that he had complaints about his trial counsel and had not been allowed to take the witness stand in his own defense. R. Vol. XVII at 2687.[2] The trial court told Williams to raise this issue on appeal. *Id*. at 2688. Thus, Williams could have claimed on direct appeal that the trial court's failure to resolve this issue in the first instance was error. Furthermore, Williams was certainly aware that he should have raised this claim on direct appeal. In short, Williams was not prevented from raising his claim because of the inadequacy of the record on appeal. Thus, the district court did not err in ruling that this claim was procedurally barred.

---

[2] During the trial, however, Williams did not make any request to testify or inform the court that he disagreed with his counsel.

Ineffective Assistance of Counsel Regarding Right to Testify

Williams next contends his trial counsel was constitutionally ineffective because he denied him his right to testify. *See Cannon*, 383 F.3d at 1170 (holding that the appropriate vehicle for claims alleging that defense counsel violated a defendant's right to testify is a claim of ineffective assistance of counsel). Although Williams did not assert his ineffective-assistance claim on direct appeal, this court does not ordinarily consider such claims on direct appeal. *See United States v. Galloway*, 56 F.3d 1239, 1240 (10th Cir. 1995) (en banc). Thus, Williams is not procedurally barred from raising this claim in the first instance in his § 2255 motion. *Massaro v. United States*, 538 U.S. 500, 504 (2003).

To establish ineffective assistance of counsel, Williams must show that his attorney committed serious errors in light of prevailing professional norms such that his legal representation fell below an objective standard of reasonableness and that the deficient performance was so prejudicial that he was deprived of a fair trial with a reliable result. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984). If Williams' trial counsel did prevent him from testifying against his wishes, this conduct would fall below an objective standard of reasonableness and would satisfy the first prong of *Strickland*. *See United States v. Teague*, 953 F.2d 1525, 1534 (11th Cir. 1992).

The district court did not consider this first *Strickland* prong, however, because of the conflict between Williams' assertion and his defense counsel's affidavit that Williams was informed of his right to testify and agreed with the strategic decision not to have him testify. Instead, the district court addressed only the prejudice prong. Courts need not address both the performance and prejudice prong if a petitioner fails to make a sufficient showing on one. *Strickland*, 466 U.S. at 697.

Even if his trial counsel ignored his desire to testify, and thus rendered ineffective assistance, Williams must still show prejudice, which is "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. Based on our review of the record, including the trial transcripts, we agree with the district court that no reasonable probability exists that Williams' proposed testimony would have altered the outcome of his trial. Therefore, Williams has failed to show prejudice from his counsel's performance. *See Cannon*, 383 F.3d at 1172.

## Mention of Co-Conspirator's Plea Agreement

Williams contends that his counsel was constitutionally ineffective for failure to object and seek a mistrial when a federal agent mentioned during his testimony that a participant in the drug conspiracy had pleaded guilty. The prosecution was seeking the admission of a written report summarizing an

investigative interview the agent had with the participant. The agent mentioned that the participant had been charged with firearms and controlled substance violations, but agreed to the interview as part of a plea agreement.

We granted COA on this issue based on Williams' assertion that the fact of the participant's plea agreement was repeated to the jury over seventy times throughout the trial. We can find no record support for this assertion, however, nor does Williams provide any. We find only the one mention of this participant's plea agreement in the nearly 2,500-page trial transcript. The prosecutor's question to the agent would not reasonably have been expected to elicit a mention of the plea. Furthermore, the interview report from this participant did not inculpate Williams, although other testimony in the trial did mention the participant's involvement in the drug conspiracy with which Williams was charged. We agree with the district court that Williams has failed to demonstrate that his trial counsel was constitutionally ineffective. Even assuming that counsel was deficient in failing to object to this single, unanticipated remark, Williams cannot demonstrate a reasonable probability that the comment

influenced the jury's verdict in any manner. *See Spears v. Mullin*, 343 F.3d 1215, 1249 (10th Cir. 2003).

The judgment of the district court is AFFIRMED.

                                                Entered for the Court

                                                Michael W. McConnell
                                                Circuit Judge